# UNITED STATES DISTRICT COURT IN THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOHN P. KENNEDY )<br>)<br>)<br>PLAINTIFF, )<br>)<br>V. )<br>)<br>)<br>)<br>PLAN ADMISTRATOR- )<br>EMPLOYEE )<br>BENEFITS COMMITTEE OF )<br>FORTUNE BRANDS INNOVATIONS )<br>INC. a/k/a THE FORTUNE BRANDS )<br>HOME & SECURITY EMPLOYEE )<br>BENEFITS COMMITTEE )<br>)<br>FORTUNE BRANDS HOME )<br>INNOVATIONS INC. a/k/a )<br>FORTUNE BRANDS HOME & )<br>SECURITY INC. a/k/a )<br>THERMA-TRU DOORS, )<br>)<br>UNUM GROUP, )<br>UNUM LIFE INSURANCE COMPANY )<br>AMERICA, )<br>)<br>  DEFENDANTS. ) | CAUSE NO. |

# COMPLAINT

I.          **Parties, Jurisdiction, and Venue**

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq. The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Plaintiff, John P. Kennedy, brings this action to enforce his rights under ERISA as authorized by 29 U.S.C. §1132 et seq. Plaintiff also seeks penalties pursuant to 29 U.S.C. §1132 et seq. based upon Defendants' failure to timely supply requested documentation.

2. Plaintiff, John P. Kennedy, is a resident of Steuben County, Indiana and a citizen of the State of Indiana, who worked for the employer mentioned below.

3. Defendant, Plan Administrator-Employee Benefits Committee of Fortune Brands Innovations Inc., a/k/a The Fortune Brands Home & Security Employee Benefits Committee, is believed to be the administrator of an ERISA Plan that provides Long Term Disability Benefits for eligible employees of Defendant Fortune Brands Home Innovations Inc. The service address of said Plan Administrator is believed to be 520 Lake Cook Road, Deerfield, IL 60015.

4. Fortune Brands Home Innovations Inc. a/k/a Fortune Brands Home & Security Inc. a/k/a Therma-Tru Doors (hereinafter referred to as the "Employer") is believed to be a business incorporated under the laws of the State of Delaware with its principal place of business located at 520 Lake Cook Road, Suite 300, Deerfield, IL 60015 and whose registered agent is Corporation Service Company, located at 2711 Centerville Road, Suite 400, City of Wilmington, Delaware 19802. It is believed that this Defendant conducts business throughout the United States, including in the Northern District of Indiana where Plaintiff resides. At pertinent times herein this Defendant employed Plaintiff.

5. Defendant, UNUM Group formerly UNUM Provident Corporation, is believed to be a business incorporated under the laws of the State of Delaware with its principal place of business located at 1 Fountain Square, Chattanooga, Tennessee 37402 and whose registered agent is Corporation Service Company with a service of process address listed as 2908 Poston Avenue, Nashville, Tennessee 37203. It is believed that this Defendant conducts business throughout the United States, including in the Northern District of Indiana where Plaintiff resides.

6. Defendant, UNUM Life Insurance Company of America, is believed to be a business incorporated under the laws of the State of Maine with

its principal place of business located at 2211 Congress Street, Portland, Maine 04122 and whose registered agent is Severin M Beliveau C/O Corporation Service Company with a service of process address listed as 45 Memorial Circle, Augusta, Maine 04330.  It is believed that this Defendant conducts business throughout the United States, including in the Northern District of Indiana where Plaintiff resides.

7. Defendants are either jointly or singularly the plan holder, the insurance policy holder, the insurance company and/or issuer, and/or the administrator of the pertinent ERISA Plan <u>that</u> provided Long Term Disability Benefits that were denied to Plaintiff.

8. The Plan and/or Insurance Policy (#'s 751021 and 751023) is an employee benefit plan made available to eligible employees of Employer within the State of Indiana by mail and/or by electronic means.

9. Defendant Plan Administrator through the Plan and/or Defendant Insurance Company through an Insurance Policy (and/or other Defendants as applicable), promise(s) to pay long term disability benefits, and any other benefits contained in the Plan/Policy to Employer's employees if they are unable to work due to sickness or injury in

accordance with the Plan/Policy.

10. Venue in the Northern District of Indiana is appropriate by virtue of Plaintiff's residence therein and by virtue of Defendants' contacts therein.

## II. Factual Allegations and Claims

11. Plaintiff incorporates Paragraphs 1 through 10 as if fully set forth.

12. Plaintiff worked as a Fire Foam Utility Operator for Employer.

13. Plaintiff's last day of work was approximately near the end of January 2023.

14. The incapacitating effects, symptoms, and sequalae of adenocarcinoma, related medical procedures, and other medical problems forced Plaintiff to stop working.

15. Plaintiff applied for Short Term Disability Benefits pursuant to the Plan/Policy.

16. On or about August 2023, the Plan and/or Insurance Company (and/or other Defendants as applicable) denied Plaintiff Short Term Disability Benefits.

17. Plaintiff availed himself of the Plan/Policy's administrative process and timely appealed said Short Term Disability Benefits determination.

18. On or about October 3, 2023, the Plan and/or Insurance Company (and/or other Defendants as applicable) again denied Plaintiff short term disability benefits.

19. Plaintiff applied for Long Term Disability Benefits pursuant to the Plan/Policy.

20. On or about September 23, 2023, the Plan and/or Insurance Company (and/or other Defendants as applicable) denied Plaintiff Long Term Disability Benefits.

21. Plaintiff availed himself of the Plan/Policy's administrative process and timely appealed said Long Term Disability Benefits determination.

22. On or about May 31, 2024, Defendants denied his administrative appeal, admitted that the matter was covered under the Employment Retirement Income Security Act of 1974, Public Law 93-406 (ERISA), advised Plaintiff of his right to bring a legal action under ERISA section 502 (a), and advised him of the plan statute of limitation of September 23, 2026.

23. Plaintiff has exhausted his administrative remedies, and the case is properly before the District Court.

24. Plaintiff has provided medical proof from health care providers of his

impairments and limitations.

12. Defendants' decisions to deny Plaintiff Short Term Disability Benefits and Long Term Disability Benefits contains logical flaws, defective medical reasoning, and other problems that demonstrate that said decision is not supported by substantial evidence.--

13. Defendants refuse to pay him Short Term Disability Benefits and Long Term Disability Benefits.

14. As a result of the refusal to pay benefits, Plaintiff has suffered loss of Short Term Disability Benefits in the approximate amount of Fifteen Thousand Five Hundred Ninety and 84//100 Dollars ($ 15,590.84) (6 months times monthly wage of $4,330.79 times .60).

15. As a result of the refusal to pay benefits, Plaintiff has suffered loss of Long Term Disability Benefits in the approximate amount of Seventy Five Thousand Three Hundred Fifty Five and 75/100 ($ 75,355.75) (29 months times monthly wage of $ 4,330.79 times .60)), and will continue to suffer loss at the rate $ 4,330.79 per month for each month that Plaintiff is not paid monthly benefits in the future.

16. Unless Plaintiff's condition improves to the point where he is no longer qualifies as disabled under the plan/policy, monthly benefits would be payable up to age 67 or for approximately 110 more months to February

2035 for a total of Two Hundred Eighty Five Thousand Eight Hundred Thirty Two and 14/100 Dollars ($ 285,832.14) (110 months times $ 4,330.79 times .60)

17. Plaintiff remains unable to perform the material duties of his prior occupation or of any occupation for which he is, or may become, reasonably qualified based on his education, training or experience; and is unable to earn wages/salaries at a level that would disqualify him for benefits.

18. Plaintiff provided the Defendants with ample evidence to establish his entitlement to Short Term Disability Benefits and to Long Term Disability Benefits and to continued eligibility to Long Term Disability Benefits pursuant to the Plan/Policy.

19. The Defendants have intentionally and without reasonable justification denied Plaintiff said benefits due him pursuant to the Plan/Policy and ERISA.

20. On April 28, 2025, Plaintiff sent to Defendant Plan a certified letter received by the Plan on May 9, 2025 that requested:

> All documents governing the plan, including insurance contracts and collective bargaining agreements, and a copy of the latest

      annual report (form 5500 Series) available at the Public Disclosure Room of the Employee Benefits Security Administration.

      All documents governing the operation of the plan, including insurance contracts, collective bargaining agreements and copies of the latest annual report (form 5500 Series) and updated summary plan description.

      A summary of the plan's financial report.

21. The requested plan documents, 5500 series documents, and the financial report have not yet been provided to Plaintiff pursuant to this request.

22. Defendant Plan Administrator and/or Defendant Insurance Company should have to pay a penalty of $110 per day.  165 days have passed since June 10, 2025 up to December 30, 2025 for an approximate penalty of Eighteen Thousand One Hundred and Fifty and no/100 ($ 18,150.00).

WHEREFORE, the Plaintiff, John P. Kennedy, requests that this Honorable Court enter Judgment:

  A. Finding that Plaintiff is entitled Short Term Disability Benefits and Long Term Disability Benefits and to order the Defendants to pay the past due benefits associated therewith;

B. Finding that Plaintiff is entitled to Long Term Disability Benefits and order the Defendants to pay future monthly benefits as they become due.

C. Finding that Plaintiff is entitled to any other benefits provided by said Plan/Policy.

D. Awarding the Plaintiff interest on the amount of back benefits which remain unpaid.

E. Awarding the Plaintiff reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendants' wrongful denial of benefits.

F. Awarding Penalties of $110/day since June 10, 2025 in the approximate amount of $18,150.00 pursuant to U.S.C. section 1132(c) based upon Defendant Plan's failure to respond to Plaintiff's request for the plan documents, the 5500 series documents and the annual financial report.

    G. Awarding all other relief as may be just and appropriate.

                                             Respectfully submitted,

                                      */s/*Randal S. Forbes

                                    Randal S. Forbes, Esq
                                    Forbes Rodman PC
                                  P.O. Box 374
                                  Angola, Indiana 46703
                               2601668-9830
                               2601665-1401 fax
                               randalforbes@forbesrodman.com